UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADOLPH BROWN, | ) | CASE No. 5:09CV943 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| RICHARD HALL, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |

Pursuant to 28 U.S.C. § 2254, Petitioner Adolph Brown, a prisoner in custody at the Richland Correctional Institution, seeks review of his Summit County, Ohio Court of Common Pleas convictions for possession of cocaine, possession of criminal tools, illegal use or possession of drug paraphernalia, possession of marijuana, and trafficking in cocaine. ECF Dkt. #1. The case was referred to the undersigned for a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice:

## I.    SYNOPSIS OF THE FACTS

The Ninth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ninth District Court of Appeals, the facts are:

> {¶ 2} In the late afternoon of July 19, 2006, Akron Police Detective Tim Harvey of the Street Narcotics Uniform Division ("SNUD") observed a burgundy vehicle owned by Charles Gaiter, a suspected drug dealer, drive up to 1168 Onondago Avenue in Akron. At the time, Appellant, Adolph Brown, resided at this address. Detective Harvey observed Erin Golding, Brown's co-defendant, exit the house and engage in a hand-to-hand exchange with the driver of the vehicle. Detective Harvey believed a

drug deal had occurred and radioed this information and a description of the car to officers patrolling nearby.

{¶ 3} At approximately 6:00 p.m. on July 19, 2006, SNUD Detective Joseph Danzy was monitoring the police radio and patrolling the streets near Brown's residence. Detective Danzy heard Detective Harvey's description of the vehicle and the suspected drug transaction. Detective Danzy soon observed the vehicle and effectuated a stop. Detective Danzy observed a bag of crack cocaine on the front driver's side floor of the vehicle.

{¶ 4} Based upon this discovery of crack cocaine, Detective Harvey obtained a search warrant for Brown's house. Brown's house is located directly across the street from a school. Upon entry, police officers discovered Brown and Golding in the living room. The search of the house revealed a digital scale, a plate, razor blades with cocaine residue, a can with a false bottom, a marijuana pipe, and a rock of crack cocaine weighing 6.48 grams.

ECF Dkt. #7, Ex. 20; *State v. Brown*, Case No. 23637, 2008 WL 2267037, (Ohio App. 9 Dist. June 4, 2008), unreported.

## II.    PROCEDURAL HISTORY

### A.    State trial court

On July 28, 2006, the prosecuting attorney for Summit County, Ohio filed an indictment charging Petitioner with: (Count 1) possession of cocaine, in violation of Ohio Revised Code ("O.R.C") §2925.11(A); (Count 2) receiving stolen property, in violation of O.R.C. §4501.01; (Count 3) possessing criminal tools, in violation of O.R.C. § 2923.24; (Count 4) illegal use or possession of drug paraphernalia, in violation of O.R.C. §2925.14(C)(1); (Count 5) possession of marijuana, in violation of O.R.C. §2925.11(A); and (Counts 6 and 7) endangering children, in violation of §2919.22(A).  ECF Dkt. #7, Ex. 1.  On August 2, 2006, Petitioner was arraigned and entered a plea of not guilty.  ECF Dkt. #7, Ex. 2.

On September 6, 2006, Petitioner filed a motion to suppress evidence "all evidence obtained as a result of the arrest made by the officer who is an officer of the Akron Police Department."  ECF Dkt. #7, Ex. 3.  On October 13, 2006, the trial court conducted a hearing on the motion.  ECF Dkt. #43.  Petitioner failed to appear.  *Id.*  The trial judge stated "Court denies the motion to suppress for failure of the defendant to appear and capias will issue, bond is forfeited."  *Id.* at 2.  On October 16, 2006, the trial court held a hearing where Petitioner was represented by a new attorney, who sought to have the suppression hearing rescheduled.  ECF Dkt. #7, Ex. 44 at 6.  The court denied the

motion. *Id.*

On December 10, 2006, the prosecuting attorney for Summit County, Ohio filed a supplement to the indictment charging Petitioner with (Count 13) trafficking in cocaine, in violation of O.R.C. §2925.03(A)(2). ECF Dkt. #7, Ex. 4. On December 18, 2006, Petitioner was arraigned and entered a plea of not guilty to Count 13 as charged in the supplement to the indictment. ECF Dkt. #7, Ex. 5. The arraignment journal entry was journalized on December 21, 2006. *Id.*

On January 26, 2007, Petitioner filed another motion to suppress evidence. ECF Dkt. #7, Ex. 6. Petitioner sought to exclude "all evidence including, but not limited to, the illegal drugs obtained from [Petitioner's] residence. . ." *Id.* On February 6, 2007, the trial court issued a journal entry denying the motion. ECF Dkt. #7, Ex. 7A. In an accompanying order, the court stated that Petitioner's motion was not timely and that a hearing was scheduled on October 13, 2006, and Petitioner failed to appear and prosecute the motion. ECF Dkt. #7, Ex. 7.

On February 13, 2007, Petitioner filed a Motion to Suppress and/or Motion In Limine. ECF Dkt. #7, Ex. 8. The trial court denied the motion at trial. Tr. at 9.

On February 13, 2007, the case proceeded to a jury trial. ECF Dkt. #7, Ex. 9. Upon motion of the prosecuting attorney, the trial court dismissed Counts 2, 6, and 7. *Id.* On February 16, 2007, the jury found Petitioner guilty of Counts 1, 3, 4, 5, and 13. ECF Dkt. #7, Ex. 9-14.

On February 20, 2007, the trial court sentenced Petitioner to: 2 years of imprisonment for Count 1; 1 year of imprisonment for Count 3; 30 days of imprisonment for Count 4; a fine of $100.00 for Count 5; and 6 years of imprisonment for Count 13. ECF Dkt. #7, Ex. 15. The trial judge ordered Petitioner's sentences in Counts 1,3,4, 5, and 13 to be served concurrently. *Id.* The judge also imposed 5 years of post-release control. *Id.*

**B.    Direct Appeal**

On March 14, 2007, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Ninth District. ECF Dkt. #7, Ex. 16. Respondent represents that Petitioner's appeal was initially dismissed due to a failure to file a brief; however, Respondent has not filed a journal entry to that effect. *See* ECF Dkt. #7 at 5.

-3-

Petitioner filed an application to reopen his appeal, which the appellate court granted. ECF Dkt. #7, Ex. 17. On January 9, 2008, the Petitioner filed an appellate brief raising the following assignments of error:

    I.    There was insufficient evidence to support Appellant's conviction of trafficking in crack cocaine in the vicinity of a school.

    II.    The court abused its discretion in denying/dismissing Appellant's suppression motion without hearing.

ECF Dkt. #7, Ex. 18. On June 4, 2008, Ohio's Ninth District Court of Appeals affirmed Petitioner's conviction. ECF Dkt. #7, Ex. 20.

On June 12, 2008, Petitioner filed a motion for the trial court to reconsider its decision pursuant to Ohio Rule of Appellate Procedure 26(A). ECF Dkt. #7, Ex. 21. Petitioner sought relief on the ground that the court failed to recognize that the January 26, 2007 suppression motion was filed in response to the supplemental indictment for trafficking in narcotics. *Id.* at 2. On August 22, 2008, Petitioner filed a motion in the Ninth District Court of Appeals requesting the court to render a judgment on his application for reconsideration. ECF Dkt. #7, Ex. 22. On August 29, 2008, the appellate court denied Petitioner's motion. ECF Dkt. #7, Ex. 23.

On October 6, 2008, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #7, Ex. 24. Petitioner filed a memorandum in support of jurisdiction, raising the following assignment of error:

THE COURT OF APPEALS ERRED BY DENYING APPELLANT'S APPLICATION FOR RECONSIDERATION BASED UPON THE ALLEGED FAILURE OF APPELLANT TO BRING TO THE COURT'S ATTENTION AN OBVIOUS ERROR IN THEIR DECISION RENDERED ON JUNE 4, 2008.

ECF Dkt. #7, Ex. 25. On February 24, 2009, the Supreme Court of Ohio denied leave to appeal. ECF Dkt. #7, Ex. 26.

### C.    Petition to Vacate or Set Aside Judgment and Sentence

On January 14, 2008, Petitioner file a petition in the Summit County Court of Common Pleas seeking to vacate or set aside the judgment and sentence in his case. ECF Dkt. #7, Ex. 27. Petitioner raised the following claims for relief:

    I.    PETITIONER WAS WRONGFULLY CONVICTED WHEN HE WAS DENIED HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS AS

-4-

GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE STATE OF OHIO CONSTITUTION WHEN HIS CRIMINAL PROCEEDINGS WHERE [sic] ADJUDICATED WITH A BIASED JUDGE CREATING STRUCTURAL ERROR OF THE COMPLETE PROCEEDING.

II.   BROWN WAS WRONGFULLY CONVICTED WHEN HE WAS DENIED HIS SIXTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS TRIAL COUNSEL FAILED TO ADEQUATELY REPRESENT BROWN'S RIGHTS FOR A FAIR TRIAL.

ECF Dkt. #7, Ex. 27.  On January 16, 2008, the state filed a motion to dismiss the petition.  ECF Dkt. #7, Ex. 28.  On January 25, 2008, Petitioner filed a response.  ECF Dkt. #7, Ex. 29.  On February 14, 2008, the trial court granted the state's motion to dismiss.  ECF Dkt. #7, Ex. 30.

On March 12, 2008, Petitioner filed a notice of appeal from the trial court's February 14, 2008 judgment.  ECF Dkt. #7, Ex. 31.  Petitioner filed a brief on the merits, raising the following assignments of error:

I.    THE TRIAL COURT ERRED DISMISSING THE PETITION WITHOUT PROVIDING THE PARTIES NOTICE BEFORE DISMISSING THE PETITION

II.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION DISMISSING THE PETITION WHEN EVIDENCE WAS OFFERED OUTSIDE THE RECORD AND THE COURT FAILED TO CONDUCT A HEARING

III.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE COURT FAILED TO CONDUCT A HEARING TO DEMONSTRATE IF THE ORIGINAL TRIAL JUDGE EXHIBITED ANY BIAS AGAINST THE PETITIONER

ECF Dkt. #7, Ex. 32.  On November 12, 2008, the Ninth District Court of Appeals of Ohio affirmed the trial court's judgment granting the state's motion to dismiss the post-conviction petition.  ECF Dkt. #7, Ex. 34.

**D.    Motion for Final Appealable Order and New Sentencing Hearing under O.R.C. 2929.191**

On June 9, 2009, Petitioner filed a Motion for Final Appealable Order and New Sentencing Hearing under O.R.C. 2929.191.  ECF Dkt. #7, Ex. 35.  On June 11, 2009, the state filed a memorandum contending that a final sentencing order has been entered on February 22, 2007.  ECF Dkt. #7, Ex. 36.  The state conceded that Petitioner should have received 3 years of post-release

control instead of 5 years.  *Id.*  On June 23, 2009, Petitioner filed a Motion to Clarify Defendant's Position Applying *State v. Fischer*.  ECF Dkt. #7, Ex. 37.  On July 23, 2009, the trial court ordered that Petitioner be returned to the court for re-sentencing on August 24, 2009.  ECF Dkt. #7, Ex. 38.

**E.** **Federal Petition for Writ of Habeas Corpus**

On April 8, 2009, Petitioner filed the instant petition.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner asserts the following ground for relief:

> **GROUND ONE:** PETITIONER WAS DENIED THE RIGHT TO PREPARE AND DEFEND AGAINST A NEW CRIMINAL OFFENSE BY COURT'S DENIAL OF MOTION TO SUPPRESS CHALLENGING EVIDENCE WITHOUT A HEARING.
>
> **Supporting Facts:** Petitioner was indicted in July 28, 2006, on 6 charges. In response to said charges, Petitioner filed a motion to suppress the evidence on September 6, 2006. On October 13, 2006, Petitioner failed to appear at the suppression hearing due to miscommunication; the Judge denied said motion to suppress. On December 19, 2006, Petitioner was indicted on one count of Trafficking in Cocaine via supplemental indictment. Petitioner, on January 26, 2007, filed a motion to suppress the evidence in this case. The judge denied this motion upon the grounds that it was untimely and Petitioner had failed to appear on the first motion to suppress.
>
> Petitioner was denied his right to prepare and defend against the new criminal offense of Trafficking in Cocaine, and the time to file a motion to suppress evidence upon this new offense should have commenced on the day of his arraignment on said charge; December 21, 2006.
>
> Petitioner could not have timely filed a motion to suppress on the new offense of Trafficking in Cocaine until he was charged with said offense and arraigned; December 21, 2006 was the commencement date to file a motion to suppress the evidence supporting the new offense.

ECF Dkt. #1.  On August 20, 2009, Respondent file a return of writ.  ECF Dkt. #7.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default

and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

> **A.** **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. *See* ECF Dkt. #1, 7. Respondent does, however, contend that Petitioner has procedurally defaulted his claim. ECF Dkt. #7 at 9-12.

> **B.** **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see*

*also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).    In *Harris v. Lafler*, this Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).    **C.      Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

-8-

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)     whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio, 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.     STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2007, well after

the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.      Decisions of lower federal courts may not be considered.

B.      Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.      The state court decision may be overturned only if:

      1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

      2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

      3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

      4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221

-11-

(1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).   The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993) overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99, 111 (1995).   The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).   Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).   Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

Respondent first contends that Ground One is procedurally defaulted because he abandoned his habeas ground in his discretionary direct review to the Supreme Court of Ohio.  ECF Dkt. #7 at 10.  Respondent also contends that Ground One is not cognizable and lacks merit because the trial court properly denied Petitioner's motions to suppress without holding a hearing.  ECF Dkt. #7 at 14-21.

### A.    Procedural Default Analysis

The undersigned notes that Petitioner filed two suppression motions in the instant case.  In Ground One, Petitioner claims that he was "denied the right to prepare and defend **against a new criminal offense**. . ."  *See* ECF Dkt.#1 at 5 (emphasis added).  Therefore, Petitioner is challenging the trial court's denial of his second suppression motion.  For the sake of completeness, the undersigned will address procedural default as it relates to both motions.

-12-

Ohio Rule of Criminal Procedure 12(D) requires pretrial motions to be filed within 35 days of arraignment:

> All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

Ohio R. Crim. P. 12(D).  Petitioner's first motion was timely filed 35 days after his arraignment. However, insofar as the instant petition challenges the trial court's treatment of his September 6, 2006 motion, his claim is procedurally defaulted because Petitioner did not present the claim to the Supreme Court of Ohio, as a review of Petitioner's memorandum in support of jurisdiction shows. *See* ECF Dkt. #7, Ex. 24. Petitioner's memorandum in support of jurisdiction raised the following proposition of law:

> THE COURT OF APPEALS ERRED BY DENYING APPELLANT'S APPLICATION FOR RECONSIDERATION BASED UPON THE ALLEGED FAILURE OF APPELLANT TO BRING TO THE COURT'S ATTENTION AN OBVIOUS ERROR IN THEIR DECISION RENDERED ON JUNE 4, 2008.

ECF Dkt. #7, Ex. 25 at 5.  Petitioner went on to state:

> Appellant moves this Court to grant his memorandum and reverse his conviction based upon the trial court's failure to allow Appellant to challenge the evidence supporting the new charge of Trafficking in cocaine.  The Court of Appeals failed to recognize the trial court's error despite Appellant bringing such error to their attention.

*Id*. at 7.  Petitioner's memorandum made clear that he viewed the September 6, 2006 suppression motion and the January 26, 2007 motion as two distinct motions. Further, his memorandum clearly indicated that he appealed on the basis that the trial court improperly denied the January 26, 2007 motion as untimely and that the Court of Appeals improperly affirmed the trial court's ruling on that motion:

> Appellant, after his direct appeal of right was denied by the Court of Appeals, filed an Application for Reconsideration.  Appellant's application for reconsideration was predicated upon the fact that the Court of Appeals did not recognize or discern that the second motion to suppress filed was in response to the arraignment upon the supplemental indictment.

> The trial court denied this second motion to suppress upon the fact that it was untimely, and that Appellant previously filed a motion to suppress, but failed to appear for the hearing on October 13, 2006.

ECF Dkt. #7, Ex. 24 at 1.  Accordingly, it is clear that Petitioner did not challenge the trial court's denial of his September 6, 2006 motion for his failure to appear.  Insofar as Ground One of the instant petition may be construed as stating a claim based upon the September 6, 2006 motion, the undersigned recommends that the Court find that claim to be procedurally defaulted.  However, for the sake of completeness, the undersigned will proceed to address the merits of that claim below.

Respondent contends that Petitioner's claim related to the trial court's denial of his January 26, 2007 suppression motion as untimely is also procedurally defaulted.  The undersigned disagrees.  First, the undersigned notes that Respondent concedes that Petitioner raised this claim on direct appeal to the Ohio Court of Appeals, but contends that Petitioner abandoned the claim on discretionary review to the Supreme Court of Ohio.  *See* ECF Dkt. #7 at 10.  While a cursory review of Petitioner's proposition of law shows that he was challenging the appellate court's denial of his motion for reconsideration, a review of the body of Petitioner's memorandum in support of jurisdiction shows that he also challenged the trial court's judgment directly.

As stated above, Petitioner moved the Supreme Court of Ohio as follows:

> **Appellant moves this Court to grant his memorandum and reverse his conviction based upon the trial court's failure to allow Appellant to challenge the evidence supporting the new charge of Trafficking in cocaine.** The Court of Appeals failed to recognize the trial court's error despite Appellant bringing such error to their attention.

ECF Dkt. #7, Ex. 24 at 7 (emphasis added).  Petitioner specifically outlined his claim regarding the trial court's inappropriate dismissal of his motion.  *See id.* at 6.  He specifically argued that he was entitled to a new "start date" for pretrial motions because his indictment had been modified.  *Id.* Further, Petitioner attached a copy of the trial court's "Ruling on Motion to Suppress" to his memorandum in support of jurisdiction in the Supreme Court of Ohio.  *See* ECF Dkt. #7, Ex. 24.  In sum, there is no indication that Petitioner's memorandum in support of jurisdiction was so deficient with regard to addressing the trial court's errors related to the January 26, 6007 motion that Ohio

-14-

courts would have deemed the issue to have been waived. Accordingly, the undersigned recommends that the Court find Ground One is not procedurally defaulted insofar as it relates to Petitioner's claim that the trial court improperly denied his January 26, 2007 motion.

    **B.**    **Cognizability/Merits Analysis**

        i.    **The Supreme Court has held that Fourth Amendment claims are not cognizable in habeas corpus proceedings unless the petitioner has been denied a full and fair opportunity to litigate his claim.**

In *Stone v. Powell,* the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. The Supreme Court indicated that the purpose of a writ of habeas corpus is to ensure prisoners are not held on convictions when there has been a deprivation of a constitutional right resulting in an unreliable adjudication. *Id*. at 479, 485 (the *Stone* Court cited various circuit courts employing this rationale, and the Court ultimately determined that judicial integrity does not require suppression of illegally obtained evidence).

The *Stone* Court conceded that judicial integrity has been advanced as a justification for the exclusionary rule, but the primary purpose of the exclusionary rule is to deter government actors from conducting unreasonable searches and seizures. *Stone*, 428 U.S. at 484 citing *Mapp v. Ohio*, 376 U.S. 643, 658 (1961) ("The *Mapp* Majority justified the application of the rule to the States on several grounds, but relied principally upon the belief that exclusion would deter future unlawful police conduct."); *Elkins v. U.S.*, 80 S.Ct. 206, 217 (1960). Following *Mapp*, the Court endorsed the exclusionary rule as a deterrent tool. *Id*. quoting *United States v. Calandra*, supra, 414 U.S. at 338, 348 (1974) ("the rule is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect . . . ."). The *Stone* Court concluded that the deterrent effect must be the primary reason for the exclusionary rule because, if judicial integrity were the justification: unconstitutionally seized evidence would have to be excluded even if the defendant assented to its introduction; standing would not be a requirement to challenge admissibility of

evidence; illegally seized evidence could not be used in grand jury proceedings; and a defendant could not be impeached with illegally seized evidence. *Id*. at 485-86. The Court noted that none of these results are true. *Id*. citing *Henry v. Mississippi*, 379 U.S. 443 (1965); *Alderman v. United States*, 394 U.S. 165 (1969); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Frisbie v. Collins*, 342 U.S. 519 (1952); *Calandra*, 414 U.S. at 338; *Walder v. United States*, 347 U.S. 62 (1954). The *Stone* Court stated that "the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." *Id*. at 490 quoting *Kaufman v. U.S.*, 394 U.S. 217, 237 (Black, J., dissenting)("A claim of illegal search and seizure under the Fourth Amendment is crucially different from many other constitutional rights; ordinarily the evidence seized can in no way have been rendered untrustworthy by the means of its seizure and indeed often this evidence alone establishes beyond virtually any shadow of a doubt that the defendant is guilty"). Therefore, allowing illegally obtained evidence does not compromise the integrity of the judicial process in most cases. *Id*. at 491.

The *Stone* Court determined that, since the exclusionary rule was not a function of judicial integrity and writs of habeas corpus are, then the determinative question is whether applying the exclusionary rule in habeas corpus proceedings will further deter illegal searches and seizures. *Stone*, 428 U.S. at 493. The Court concluded that reviewing potential Fourth Amendment violations in habeas corpus proceedings will have no substantial deterrent effect because law enforcement authorities generally will not "fear that federal habeas review might reveal flaws in a search or seizure that went undetected at trial and on appeal." *Id*. Moreover, any incremental benefit in deterring illegal police behavior that is gained by reviewing searches and seizures in habeas corpus proceedings is outweighed by the burden it will place on the criminal justice system. *Id*. Consequently, Fourth Amendment claims are not cognizable in habeas corpus proceedings unless the petitioner has been denied a full and fair opportunity to litigate his claim. *Id*. at 469, 482, 494-95.

        **ii.**        **The Sixth Circuit employs a two-step inquiry for determining whether a petitioner had a full and fair opportunity to litigate his claim.**

The Sixth Circuit Court of Appeals uses a two-step inquiry in order to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court: "First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted); *Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982).

The undersigned will apply this two-step analysis to the instant petition insofar as it states claims relating to the September 6, 2006 motion and to the January 26, 2007 motion. For the following reasons, the undersigned concludes that there was a failure of Ohio's procedural mechanism related to Petitioner's September 6, 2006 motion resulting in a frustration of Petitioner's claim, but there was not a failure of the procedural mechanism related to the January 26, 2007 motion.

The September 6, 2006 motion presents a unique issue regarding the requirement of a defendant's presence at a suppression hearing. The trial judge clearly dismissed Petitioner's motion for failure to prosecute because he failed to attend the suppression hearing. *See* ECF Dkt. #7, Exs.7, 43. Ohio requires a defendant's presence at a motion to suppress evidence. "[A] hearing on a motion to suppress evidence, at which testimony of a witness is received, whether held before or during the trial of a case, is such a part of a trial as to require the presence of the accused." *Mentor v. Caswell*, 704 N.E.2d 26, 27 (Ohio App. 11th Dist. 1997) quoting *State v. Williams*, 250 N.E.2d 907 (Ohio App. 11th Dist. 1969). A defendant may waive his right to appear at a suppression hearing by the act of failing to appear where his attorney represents to the court that the failure to appear was deliberate. *Mentor*, 704 N.E.2d at 28. This rule of law is consistent with federal precedent. *See*, e.g., *U.S. v. Dalli,* 424 F.2d 45, 48 (2d Cir. 1970); *Diaz v. United States*, 223 U.S. 442, 453-459, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Burley v. United States*, 295 F.2d 317, 318-319 (10th Cir. 1961); *Glouser v. United States*, 296 F.2d 853, 855-856 (8 Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed. 789 (1962). Accordingly, Ohio's rule of law requiring a defendant's presence at a

suppression hearing and permitting waiver is in the abstract sufficient to afford a defendant an opportunity to present Fourth Amendment claims.

The Court should then consider whether (1) there was a failure of Ohio's mechanism; and (2) whether that failure frustrated Petitioner's presentation of his Fourth Amendment claim. The undersigned believes that there was a failure of Ohio's procedural mechanism in this case because the Ohio Court of Appeals has held that a trial court abuses its discretion in proceeding on motion to suppress evidence in the defendant's absence. *See Mentor*, 704 N.E.2d at 259. In *Mentor*, a defendant filed a motion to suppress evidence, received notice of the hearing, but failed to appear. *Id.* at 257. The defendant's attorney appeared at the hearing, along with her co-defendant and her attorney. *Id.* at 258. The defendant's attorney moved for a continuance of the suppression hearing, but the court denied the motion and allowed her attorney to participate through cross-examination of the police officer who testified. *Id.* The Ohio Court of Appeals for the Eleventh District held that the trial court abused its discretion in denying the motion to continue the suppression hearing. *Id.* at 259. The court held that a defendant may waive his right to appear at a suppression hearing by the act of failing to appear where his attorney represents to the court that the failure to appear was deliberate; however, where the attorney indicates that the attorney had "no idea" why the defendant was absent there has been no waiver of the right to appear at the hearing. *Id.* The *Mentor* court went on to hold that the trial court abused its discretion in denying a motion to continue a hearing on the motion to suppress evidence. *Id.* The *Mentor* court stated:

> Although the docket and the evidence indicate that appellant had been properly notified of the date and time of the suppression hearing, the record does not reflect why she failed to appear or, more important, if her failure to appear was deliberate or involuntary.
>
> If further inquiry via evidence indicated that there was no satisfactory or excusable reason for appellant's absence, the trial court still had numerous methods at its disposal to compel her appearance and to sanction appellant other than denying her the right to be present and to participate in what was clearly a critical stage of the proceedings. Accordingly, it was an abuse of discretion for the trial court to proceed in her absence.

*Mentor*, 704 N.E. 2d at 259.

-18-

Here, the trial court opened the suppression hearing on the September 6, 2006 motion, waited 15 minutes for the defendant to arrive, and denied the motion "for failure of the defendant to appear." ECF Dkt. #7, Ex. 43.  As in *Mentor*, the attorney in this case informed the court "I don't know where [Petitioner's] at." *Id*.  Although Petitioner's attorney did not move the court for a continuance of the hearing, *Mentor* makes clear that a trial court abuses its discretion in proceeding on a suppression motion in the absence of the defendant, particularly in the first instance where the defendant failed to appear.   The trial attorney's failure to seek a continuance does not excuse the trial court's error because courts are required to "indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . do not presume acquiescence in the loss of fundamental rights." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).  The undersigned sees no basis for proceeding in Petitioner's absence – the trial judge's dismissal of the September 6, 2006 motion  constituted a failure of Ohio's procedural mechanism.

There is no indication that Petitioner's Fourth Amendment claim was frustrated when the trial court dismissed his motion for failure to prosecute.  The September 6, 2006 motion was based upon a search supported by a warrant.  The motion sought to suppress "all evidence obtained as a result of the arrest made by the officer who is an officer of the Akron Police Department."ECF Dkt. #7, Ex. 3.  Petitioner's Fourth Amendment claim was not frustrated because: (i) the search of his home was made pursuant to a warrant; (ii) "The party challenging a search warrant alleging lack of probable cause carries the burden of showing the warrant is invalid." *U.S. v. Murphy*, 16 F.3d 1222 (Table), 1994 WL 18008 *3 (6th Cir. Jan 21, 1994), unreported; and (iii) there is no indication on the record that Petitioner's attorney had any witnesses on hand to show that the warrant lacked probable cause or that he was otherwise prepared to demonstrate a deficiency in the search warrant (*See* ECF Dkt. #7, Ex. 43).  In reaching the foregoing conclusion, the undersigned notes that the evidence seized in the case at bar was discovered from Petitioner's car and home, not from his person.  ECF Dkt. #7, Ex. 20 at ¶3-4 ("Detective Danzy observed a bag of crack cocaine on the front driver's side floor of the vehicle. . .**The search of the house** revealed a digital scale, a plate, razor blades with cocaine

-19-

residue, a can with a false bottom, a marijuana pipe, and a rock of crack cocaine weighing 6.48 grams."). Therefore, the evidence seized from the automobile was beyond the scope of the September 6, 2006 motion. *See State v. Shindler* 70 Ohio St.3d 54, syllabus (Ohio 1994) citing Ohio Crim.R. 47 and *Xenia v. Wallace* 37 Ohio St.3d 216 (Ohio 1988), ("In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."). The evidence in Petitioner's home was seized pursuant to a warrant and Petitioner had the burden of challenging the seizure. *See Murphy*, 1994 WL 18008 at *3.

For the foregoing reasons, the undersigned recommends that the Court find that Ground One lacks merit insofar as it relates to the September 6, 2006 suppression motion because the failure of Ohio's procedural mechanism did not frustrate the presentation of Petitioner's Fourth Amendment claim.

Turning to the January 26, 2007 motion, the undersigned notes that the Ohio Court of Appeals' decision in this case appears to be inconsistent with *State v. Malen*, 614 N.E.2d 1146, 1148 (Ohio App. 5 Dist. 1993). Here, the Ohio Court of Appeals stated that the trial court correctly determined on October 16, 2006 that any motion filed after September 7, 2006 would be untimely. ECF Dkt. #7, Ex. 20 at 11-12. To the contrary, the *Malen* court stated "we hold that where the state makes an amendment to the substance of an indictment, information, or complaint charging a defendant with a new crime, the thirty-five day time limitation contained in Crim.R. 12(C) for raising a pretrial suppression motion regarding the new charge will be tolled to the date of the amendment." *Malen*, 614 N.E.2d at 1148. In this case the indictment was amended on December 10, 2006. ECF Dkt. #7, Ex. 4. However, it is generally not this Court's province to determine whether the state court erred in applying its own statutes and rules of procedure. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

Regardless, to the extent that the trial court and appellate court may have erred, it is clear that the error was harmless. As Respondent notes, Petitioner was arraigned on the amended indictment on December 18, 2006, and the journal entry of the arraignment was entered on December 21, 2006.

*See* ECF Dkt. #7, Ex. 5.  Even giving Petitioner the benefit of the later journalization date, his second motion to suppress was filed 36 days later on January 26, 2007.  Therefore, Petitioner's motion was filed outside of the 35-day filing period provided in Ohio Rule of Criminal Procedure 12(D).

The undersigned will proceed to address the claim under the two-step *Machacek* test.  The trial court was entitled to dismiss this motion as untimely because it is entitled to impose time limitations on pretrial suppression motions and Petitioner failed to comply with the time limitation in this case.

A comparison of Ohio law and Federal law shows that both require suppression motions to be filed before trial and both jurisdictions impose time limitations for filing.  As the Sixth Circuit as held, "Ohio R.Crim.P. 12 provides an adequate opportunity to raise fourth amendment claims in the context of a pretrial motion to suppress. . ." *Riley*, 674 F.2d at 526.  While Ohio Rule of Criminal Procedure 12(D) imposes specific time limitations on pretrial motions, Federal Rule of Criminal 12 (c) allows the district court to set deadlines for pretrial motions.  *See* Ohio R. Crim. P. 12(d); Fed. R. Crim. P. 12(c).  Further, Federal Rule of Criminal Procedure 12(b) requires suppression motions to be filed before trial.  Fed. R. Crim. P. 12(b)(3)(C). In *U.S. v. Collier,* The Sixth Circuit Court of Appeals stated that:

> Motions to suppress evidence must be raised before trial. Fed. R. Crim. P. 12(b)(3)(C). District courts have discretion to set deadlines for pretrial motions to suppress. *Id*. at 12(c). Further, where a defendant fails to bring a pretrial motion to suppress evidence, the party waives that defense, and can only obtain relief from the district court upon a showing of good cause. *Id*. at 12(e). . .

> \*        \*        \*

> **Where a defendant fails to timely file a pretrial motion to suppress evidence, he waives objections to that evidence on appeal.** United States v. Lopez-Medina, 461 F.3d 724, 738 (6th Cir.2006); *United States v. Crismon*, 905 F.2d 966, 969 (6th Cir.1990) ("[O]bjections that appear for the first time on appeal are conclusively deemed to be waived."); *United States v. Worthington*, 698 F.2d 820, 824 (6th Cir.1983).

246 Fed.Appx. 321, (6th Cir. 2007) (emphasis added).  Since federal courts are entitled to place time limitations on pretrial suppression motions, it follows that state trial courts can do so as well.

-21-

As stated above, the January 26, 2007 motion was filed outside of the 35-day filing period. Therefore, the trial court's enforcement of its time limitation does not constitute a failure of a procedural mechanism. Petitioner's habeas claim lacks merit because he had an opportunity to file a suppression motion within the 35-day filing period.

For the foregoing reasons, the undersigned recommends that the Court find: (1) Petitioner's claim related to his September 6, 2006 suppression motion lacks merit because the failure of Ohio's procedural mechanism did not frustrate the presentation of Petitioner's Fourth Amendment claim; and (2) Petitioner's claim related to his January 26, 2007 suppression motion lacks merit because his motion was untimely under Ohio Rule of Criminal Procedure 12(D).

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition with prejudice, and specifically:

(i)      FIND Ground One to be procedurally defaulted insofar as it relates to Petitioner's September 6, 2006 suppression motion;

(ii)     FIND Ground One is not procedurally defaulted insofar as it relates to Petitioner's January 26, 2007 suppression motion;

(iii)    if necessary, FIND Ground One to lack merit insofar as it relates to Petitioner's September 6, 2006 suppression motion; and

(iv)     FIND Ground One to lack merit insofar as it relates to Petitioner's January 26, 2007 suppression motion.

Date: February 23, 2010                              */s/George J. Limbert*
                                                     George J. Limbert
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.  L.R. 72.3(b).