UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                :
ADOLPH BROWN,                                     :
                                                                :           CASE NO. 5:09-CV-943
                    Petitioner,                           :
                                                                :
             v.                                              :           OPINION & ORDER
                                                                :           [Resolving Doc. 1.]
RICHARD HALL, *Warden*,                      :
                                                                :
                    Respondent.                      :
                                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Seeking relief from his Ohio drug conviction and ensuing sentence, and having exhausted his direct appeals, Adolph Brown petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Magistrate Judge George J. Limbert recommends that this Court dismiss Brown's petition. [Doc. 9.] For the following reasons, the Court **ADOPTS** the magistrate's report and recommendation and **DISMISSES** Brown's petition.

After Brown was indicted on drug possession and trafficking charges, he moved to suppress the evidence against him. [Doc. 7-2 at 7.] Brown failed to appear at the scheduled suppression hearing, and consequently, the state trial court denied his suppression motion. [Doc. 7-6 at 77-79.] Subsequently, on December 10, 2006, the prosecutor amended the indictment to add a cocaine trafficking charge. [Doc. 7-2 at 8.] Brown filed a second motion to suppress on January 26, 2007, that the trial court denied as untimely. [Doc. 7-2 at 10-18; Doc. 7-2 at 20.] A jury then convicted Brown of five counts—including the cocaine trafficking charge in the amended indictment. [Doc. 7-2 at 25-29.] Brown now seeks to challenge the trial court's denial of his second suppression

-1-

Case No. 5:09-CV-943
Gwin, J.

motion.[1/] [Doc. 1 at 5 (claiming he was "denied the right to prepare and defend against a new criminal offense").]

As a threshold matter, by failing to object to the magistrate's recommendation within fourteen days, Brown has waived his challenge to that recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)-(3); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Even if Brown had timely objected, moreover, his claim would fail on the merits. The state trial court correctly determined that Brown's second suppression motion was untimely, filed 39 days after the amended indictment—four days beyond Ohio Rule of Criminal Procedure 12(D)'s 35-day filing period.

The trial court's correct application of Ohio Rule of Criminal Procedure 12(D) did not violate Brown's Fourth Amendment rights. As the U.S. Supreme Court has made clear, a Fourth Amendment claim is not cognizable in habeas unless the petitioner has been denied a full and fair opportunity to litigate that claim. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnote omitted); *see also Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (to determine whether petitioner has had full and fair opportunity to litigate Fourth Amendment claim, Sixth Circuit applies two-step inquiry:

---

[1/]Brown's petition does not purport to challenge the state trial court's denial of his first suppression motion. [Doc. 1 at 5.] In any event, Brown failed to exhaust that challenge because he did not present it to the Ohio Supreme Court. [Doc. 7-4 at 23-32.] *See Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since [1886] that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. The exhaustion-of-remedies doctrine . . . reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (citations and internal quotation marks omitted).

-2-

Case No. 5:09-CV-943
Gwin, J.

"Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.") (citation omitted).

Here, Brown had a full and fair opportunity to present his Fourth Amendment claim to the state trial court. The Sixth Circuit has explained that, in the abstract, Ohio Rule of Criminal Procedure 12 provides litigants with a full and fair opportunity to litigate Fourth Amendment claims. *See* *Riley*, 674 F.2d at 526 ("The mechanism provided by the State of Ohio for the resolution of fourth amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise fourth amendment claims in the context of a pretrial motion to suppress."). Moreover, because the state trial court correctly applied the clear rule of Ohio Rule of Criminal Procedure 12(D), no failure of that procedural mechanism frustrated Brown's presentation of his Fourth Amendment claim. *See* *Riley*, 674 F.2d at 526; *cf.* *United States v. Lopez-Medina*, 461 F.3d 724, 738 (6th Cir. 2006) (in federal context, holding that defendant waives Fourth Amendment claim by failing to file suppression motion before pretrial motion deadline).

Thus, because Brown waived his challenge to the magistrate's recommendation, and because in any event his claim fails on the merits, the Court **DISMISSES** his petition.

IT IS SO ORDERED.

Dated: July 14, 2010                                    s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE